UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER C. EARLY (#299387)

VERSUS                                             CIVIL ACTION

JAMES M. LABLANC, ET AL                            NUMBER 12-225-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 2, 2012.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER C. EARLY (#299387)

VERSUS

CIVIL ACTION

JAMES M. LABLANC, ET AL

NUMBER 12-225-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, a former inmate confined at Caldwell Correctional Center, Grayson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc[1]. Plaintiff alleged that his parole was improperly revoked by parole board members Greta Jones, Janice LeDoux and T.W. Jacob. Plaintiff sought monetary damages and termination of his parole.

**I. Background**

On May 19, 2011, the plaintiff was arrested on charges of illegal carrying of weapons to which the plaintiff pled guilty.[2] Plaintiff's parole was subsequently revoked on August 11, 2011,

---

[1] Identified as James M. Lablanc in the caption of the complaint.

[2] Record document number 1-2, p. 4.

based in part on the weapons charge and conviction.[3] On January 27, 2012, the plaintiff was released on diminution of sentence.[4]

## II. Applicable Law and Analysis

### A. Standard for Dismissal

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.

---

[3] *Id.*

[4] Record document number 1-2, p. 2.

1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**B. Eleventh Amendment Immunity**

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**C. Respondeat Superior**

Plaintiff named Secretary LeBlanc as a defendant but alleged no factual allegations against him. To be liable under section 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

**D. Parole Board Members**

To the extent that the plaintiff filed this action against members of the Louisiana Board of Pardon and Parole responsible for revoking his parole, the claim fails to state a claim upon which relief can be granted.

Parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *Hulsey v. Owens*, 63 F.3d 354 (5th Cir. 1995).

**E. Challenge to Parole Revocation Hearing**

Plaintiff's claim regarding parole revocation must initially be pursued through state habeas corpus. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that his parole revocation was improper, he has no damages claim cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly

4

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's complaint has no arguable basis in fact and in law, the allegations fail to state a claim, and the plaintiff seeks damages against defendants who are immune, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

§1915(e)(2)(B)(i), (ii) and (iii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, May 2, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE